# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JAMES BROADHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-02304-WMA-JHE |
| ) | |
| SGT. SAMUEL AARON, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff James Broadhead, a prisoner incarcerated at the Donaldson Correctional Facility, filed this action on the form normally utilized by prisoners seeking damages and/or injunctive relief pursuant to 42 U.S.C. § 1983. (Doc. 1). However, the plaintiff failed to file an application to proceed *in forma pauperis,* or pay the $400 filing and administrative fees. Under those circumstances, the plaintiff would normally be ordered to submit an application to proceed *in forma pauperis* or pay the full filing fee within a prescribed time. However, because the plaintiff is subject to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), such an order is not appropriate in this instance.

The PLRA establishes restrictions on the ability of prisoners to file civil rights actions in federal court. One provision of that Act amended the *in forma pauperis* statute, 28 U.S.C. § 1915, to add subsection (g), which provides as follows:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit Court of Appeals has interpreted this statute to mean that a prisoner who has had three or more cases dismissed as meritless must pay the full filing fee at the time he initiates the lawsuit. *See Dupree v. Palmer,* 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule is for a prisoner who is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of this court's records reveals that plaintiff has filed at least three cases which have been dismissed as meritless, including: *Broadhead v. O'Brian*, Case No. 4:10-cv-00475-JHH-RRA; *Broadhead v. Hopkins*, Case No. 4:10-cv-00439-LSC-RRA; and *Broadhead v. Kirrire*, Case No. 4:10-cv-00053-VEH-RRA.[1] Therefore, the plaintiff comes within § 1915(g), which precludes him from commencing this action *in forma pauperis* unless he is "under

---

[1] Suits dismissed as frivolous or malicious pursuant to 28 U.S.C. § 1915(d), the predecessor statute to § 1915(e), constitute "strikes."  *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The undersigned has reviewed the allegations made in the plaintiff's complaint carefully and is satisfied that he has not alleged facts demonstrating he is "under imminent danger of serious physical injury." 28 U.S.C.A. § 1915(g).[2] Accordingly, the plaintiff's action will be dismissed. A separate order will be entered.

DONE this 7th day of January, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff alleges he was forced to the ground and kicked in the testicles. However, not only does the plaintiff have a history of asserting fanciful allegations of assault by prison guards, but the claims in the present case, even if true, do not demonstrate he is presently under imminent danger of serious physical injury.